IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | Civil Action |
| v. | No. _____ |
| BON VIVANT SALON, | |
| DEFENDANT. | |

## COMPLAINT FOR DAMAGES

The United States of America ("United States"), on behalf of its agency the United States Small Business Administration, and by and through the U.S. Attorney and undersigned Assistant U.S. Attorney, hereby sues Bon Vivant Salon ("Defendant"). In support, the United States alleges:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1345, as this action is a civil action commenced by the United States or its agency or officer.

2. Venue is properly laid in this district under 28 U.S.C. § 1391(b)(1) as Defendant maintains and conducts business constituting minimum contacts within the District and is incorporated in the State of Georgia.

3. Alternatively, venue is properly laid in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims alleged herein

3

occurred in this District; or, under 28 U.S.C. § 1391(b)(3) as the Defendant is subject to the personal jurisdiction of this Court by conducting business within this District.

## THE PARTIES

4. The United States files suit on behalf of its agency, the U.S. Small Business Administration ("SBA"). SBA is a United States government agency that provides support to entrepreneurs and small business to grow their business. SBA connects entrepreneurs with lenders and funding in the form of guaranteed loans backed by the full faith and credit of the United States.

5. Defendant is a domestic for-profit corporation organized under the laws of the State of Georgia. Defendant maintains a physical address at 1195 Woodstock Road #900, Roswell, GA 30075 and maintains a principal office at 164 Towne Lake Parkway, Woodstock, Georgia 30188. Defendant's registered agent, Mary Ellen Harris, is located at 584 Dover Street, Marietta, GA 30066.

6. Defendant is a beauty hair salon operated and solely owned by Maureen Boling ("Boling").

## STATEMENT OF FACTS

7. In or about December 2, 2014, SBA authorized a SBA Guaranteed Loan #PLP72631150-04GA ("Loan") to Defendant. The loan issued by Suntrust Bank ("Suntrust") and SBA in the amount of $131,000.00.

8. A true and correct copy of the Loan is attached hereto as **Exhibit 1** and is incorporated as if fully set forth in this Complaint.

9. Defendant, as borrower, by and through its President, Boling, executed and entered into a Security Agreement, effective as of December 12, 2014 ("Agreement").

10. A true and correct copy of the Agreement is attached hereto as **Exhibit 2** and is incorporated as if fully set forth in this Complaint.

11. Additionally, on or about December 12, 2014, Defendant by and through Boling entered into a Promissory Note which set out applicable repayment terms. Including in terms of the Note was the requirement that interest apply to the unpaid principal balance in a manner to fluctuate. An initial interest rate was imposed of 5.50% ("Prime Rate") for three years and thereafter the adjusted interest rate imposed would be at 2.25% above the Prime Rate.

12. A true and correct copy of the Note is attached hereto as **Exhibit 3** and is incorporated as if fully set forth in this Complaint.

13. Under the Loan, Agreement and Note, Defendant unconditionally promised to pay to SBA, by no later than the maturity date, the outstanding principal amount of all disbursements made and accrued and unpaid interest under the terms of the Note. *See* **Exhibit 3**, Note at ¶ 3 Payment Terms.

14. Defendant further promised to make monthly payments on interest

and principal in the amount of $1,421.69 beginning on January 12, 2015, with a loan maturity date in 10 years from the date of the first payment. *See id.*, Note at ¶ 3 Repayment Terms.

15. During the Loan period, between January 2015 to February 2017, Defendant made the monthly payments.

16. A true and correct copy of the Lenders' Transcript of Account is attached hereto as **Exhibit 4** and is incorporated as if fully set forth in this Complaint.

17. Defendant failed to make any further payments after February 2017 and default occurred March 2017.

18. On or about March 21, 2018, SBA referred Defendant's debt to the U.S. Department of the Treasury Bureau of the Fiscal Service ("Fiscal Service") for collection. Fiscal Service made written demand to Defendant for payment of the Loan and otherwise all outstanding amounts due under the Agreement. *See* **Exhibit 5**, Fiscal Service Demand Letter attached hereto.

19. SBA made additional collection efforts by forwarding the debt to a private collection agency, Coast Professional, Inc. ("Coast"). Coast made written demand to Defendant on October 9, 2019. No collections resulted. *See* **Exhibit 6**, Coast Collection Note attached hereto.

20. As of July 28, 2022, the total amount outstanding under the Loan,

inclusive of interest and any applicable fee or charge, is **$187,799.91**, which is comprised of $110,391.49 in outstanding Loan principal, $27,612.99 in outstanding interest, $44,161.43 in Fiscal, Debt Management Service (DMS) fees and $5,634.00 in Department of Justice (DOJ) fees.

21. United States incorporates in this Complaint the *Certificate of Indebtedness* ("COI"), prepared by Natalie R. Stubbs, Financial Program Specialist, U.S. Department of Treasury, Bureau of Fiscal Service. A true and correct copy of the COI is attached hereto as **Exhibit 7**.

22. Defendant failed to make its monthly payments *See* **Exhibit 4**.

23. Defendant failed to pay the full amount of outstanding principal and interest of the Loan on as demanded. *See* **Exhibit 5**.

24. United States have satisfied all conditions precedent to enforcing the Agreement and bringing this suit.

## BREACH OF CONTRACT

25. United States restates the allegations in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant's nonpayment and failure to perform its contractual obligations constitutes "Default" under the terms of the Agreement and Note. *See* **Exhibit 2** ¶ 9; **Exhibit 3** at ¶ 4.

27. Defendant's nonpayment and failure to perform its contractual

obligations constitutes a material breach of the Agreement.

28. Defendant has failed to cure any default or breach.

29. Defendant's material breach of the Agreement has caused pecuniary harm to the United States in an amount equal to all unpaid principal, interest, and any fee or charge due under the Agreement, plus any attorney's fees and costs incurred in the enforcement of the Agreement.

WHEREFORE, the United States prays the Court enter Judgment for the United States and against Defendant for damages:

A. In the total amount of **$187,799.91,** which consists of all outstanding principal, interest, fees, and costs under the terms of the Agreement until July 28, 2022;

B. Plus, any pre-judgment interest, at the contractual rate under the Agreement, accruing from the date of this Complaint to and including the date this Court enters final judgment;

C. Plus, post-judgment interest thereafter at the legal rate per annum;

D. Plus, any applicable attorney's fees or costs; and

E. Any such further relief in law or at equity that the Court deems just and proper.

Respectfully submitted,

RYAN K. BUCHANAN
UNITED STATES ATTORNEY

s/ Lori M. Beranek
LORI M. BERANEK
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 053775
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
404-581-6050
lori.beranek@usdoj.gov
*Counsel for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1B and 7.1D, that the foregoing brief has been typed using 13 point Book Antiqua font.

s/ Lori M. Beranek
LORI M. BERANEK
ASSISTANT U.S. ATTORNEY
